IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

GREENBRIER HOTEL CORPORATION, et al.,

    Plaintiffs,

v.                           CIVIL ACTION NO. 2:19-cv-00118

ACE AMERICAN INSURANCE COMPANY (CHUBB), et al.,

    Defendants.

MEMORANDUM OPINION AND ORDER

## I. Background

The plaintiffs filed their complaint [ECF No. 1] initiating this civil action on February 15, 2019. The plaintiffs have since taken no action to prosecute the case. To date, the plaintiffs have failed to serve—or even attempt to serve—any defendant in this matter with process. Accordingly, on May 21, 2019, this court entered an order [ECF No. 8] directing the plaintiffs to demonstrate good cause for not serving the defendants with process within 90 days of the filing of the complaint as required by Federal Rule of Civil Procedure 4(m). The court notified the plaintiffs that a failure to respond to the court's order within 10 days or an insufficient showing of good cause would result in dismissal without prejudice of this case against the defendants.

On May 29, 2019, the plaintiffs filed a response [ECF No. 9] to the court's order, stating as follows: "On or about September 8, 2017, certain of the Plaintiffs and

Defendants herein" entered into a tolling agreement "in relation to earlier litigation that Plaintiffs had filed to obtain copies of insurance policies that Defendants had refused to provide." Pls.' Resp. [ECF No. 9] 1. "Pursuant to the terms of that Tolling Agreement, the parties agreed to toll" any statute of limitations, arbitration clause, suit limitation clause, or similar provision from June 2017 through the termination of the tolling agreement. *Id.* The claims covered by the tolling agreement "arguably include those asserted by Plaintiffs in the instant matter." *Id.* The plaintiffs allege that they were unaware of the existence of the tolling agreement when they filed the instant complaint. *Id.*

The plaintiffs state further that "Plaintiffs and Defendants"[1] have agreed to "extend the termination date" of the tolling agreement "to allow the parties to attempt to resolve the matters at issue in the Complaint." *Id.* at 2. "The parties have agreed to participate in a meeting on June 18, 2019" to discuss whether the matter can be resolved and the complaint dismissed. *Id.* If the meeting is unsuccessful, the plaintiffs aver that they will proceed with service of process on the defendants on July 1, 2019. *Id.*

The plaintiffs attached a letter agreement [ECF No. 9-1] to their response that was "executed by counsel for Plaintiffs and counsel for Defendants" in this matter. *Id.* The letter states that the "time for Plaintiffs to effect service of the Complaint shall be tolled from May 31, 2019 through June 30, 2019." *Id.*, Ex. A [ECF No. 9-1] 1. The

---

[1] It is not clear to the court which parties agreed to the extension. More than fifty defendants are named in this action.

agreement also states that "none of the Defendants in the Litigation will take any formal steps in the Litigation . . . until July 1, 2019." *Id.* The plaintiffs therefore request that this matter remain on the court's active docket despite their failure to serve process as required by Rule 4(m).

Notably absent from the plaintiffs' response, however, is any mention of the phrase "good cause" or a citation to any other legal standard. The plaintiffs fall far short of demonstrating that an extension of time to effect service of process is warranted in this matter. For the reasons set forth below, the court **DISMISSES without prejudice** the plaintiffs' complaint. Because the dismissal is without prejudice, the plaintiffs may refile the action.

## II. Discussion

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—*must* dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (emphasis added).

The plaintiffs filed their complaint with the court on February 15, 2019. Pursuant to Rule 4(m), the plaintiffs were required to serve the defendants by May 16, 2019. The plaintiffs do not dispute that they have failed to effectuate service

3

within 90 days of the filing of the complaint. In fact, the plaintiffs do not allege that they have even *attempted* to serve any defendant.

Nonetheless, the 90-day rule is not without exception. Critically, when a plaintiff shows good cause for the failure to serve within 90 days, the court "*must* extend the time for service." Fed. R. Civ. P. (4)(m) (emphasis added). Courts examine a number of factors to determine if good cause exists to excuse a plaintiff's failure to serve timely—none of which are addressed in the plaintiffs' response. Those factors

> include whether: 1) the delay in service was outside the plaintiff's control, 2) the defendant was evasive, 3) the plaintiff acted diligently or made reasonable efforts, 4) the plaintiff is pro se or in forma pauperis, 5) the defendant will be prejudiced, or 6) the plaintiff asked for an extension of time under Rule 6(b)(1)(A).

*Scott v. Md. State Dep't of Labor*, 673 F. App'x 299, 306 (4th Cir. 2016); *see Beasley v. Bojangles' Rests., Inc.*, No. 1:17CV255, 2018 WL 4518693, at *1 (M.D.N.C. Sept. 20, 2018); *Martinez v. United States*, No. DKC 13-0237, 2013 WL 6858860, at *2 (D. Md. Dec. 26, 2013) ("The common thread in all of these examples is that the interference of some outside factor prevented the otherwise-diligent plaintiff from complying with the rule."). What constitutes good cause "necessarily is determined on a case-by-case basis within the discretion of the district court." *Scott*, 673 F. App'x at 306. "The burden to prove good cause is on the plaintiff." *Beasley*, 2018 WL 4518693, at *1.

It is clear that the plaintiffs have not shown—or even attempted to show—good cause for their failure to timely serve the defendants. As to the first factor, there

4

is no indication that the delay in service was outside of the plaintiffs' control. To the contrary, the plaintiffs have purposely delayed serving the defendants in this matter in order to conduct settlement negotiations. Second, there is no evidence that the defendants have been evasive. Third, the plaintiffs have not acted diligently or made reasonable efforts to effectuate service; instead, their efforts have been directed at *avoiding* service of process. The plaintiffs admittedly have made no attempt to serve any defendant since the filing of the complaint. Fourth, the plaintiffs are represented by counsel. In addition, the plaintiffs cannot rely on Rule 6(b)(1)(A) given that they failed to request an extension before the expiration of the 90-day period.

The court now turns to the fifth factor: prejudice to the defendants. The parties' letter agreement appears to show that the defendants in this matter may have at least informal notice of the action. The letter agreement states that it "memorialize[s] the agreement among *all* parties to [this] referenced action." Pls.' Resp., Ex. A (emphasis added). But the letter is signed by one attorney for the plaintiffs and apparently only two attorneys for the defendants. The court can assume, based on the parties' statements, that each of the more than fifty defendants in this matter—including an assortment of insurance companies and private individuals—is represented by the two attorneys who signed the agreement. This lack of clarity, however, makes an assessment of prejudice to each defendant difficult and therefore does not support a finding of good cause. Even if this factor weighed in favor of such a finding, every other factor weighs heavily against the plaintiffs. The plaintiffs also

5

have not even made an assertion that good cause exists. How can I then find good cause for their failure to timely serve the defendants? I find the plaintiffs are not entitled to an extension of time for service for good cause under Rule 4(m).

This finding does not necessarily end the court's inquiry. "[A] disagreement exists in this Circuit as to whether a showing of good cause is absolutely necessary, or whether an extension of time to effectuate service may nonetheless be granted within the Court's discretion even if good cause is not shown." *Miller v. Tucker*, 2:13-cv-21753, 2014 WL 989204, at *2 (S.D. W. Va. Mar. 13, 2014); *see also In re: Ethicon, Inc.*, No. 2:14-cv-22754, 2016 WL 2588036, at *2 (S.D. W. Va. Apr. 29, 2016) (Goodwin, J.) ("Whether this court is permitted to extend the time for service when a plaintiff cannot show good cause is not entirely clear."); *Uzoukwu v. Prince George's Cmty. Coll. Bd. of Trs.*, No. DKC 12-3228, 2013 WL 3072373, at *2 (D. Md. June 17, 2013) (explaining that "[s]ome decisions, relying on the Fourth Circuit's ruling in *Mendez v. Elliot*, 45 F.3d 75 (4th Cir. 1995), hold that a showing of good cause is mandatory . . . [while] [o]ther cases, relying on the Advisory Committee Notes to Rule 4(m) and dicta from *Henderson v. United States*, 517 U.S. 654, 662 (1996), hold that *Mendez* is no longer good law"). The text of Rule 4(m) provides that a district court may "order that service be made within a specified time," regardless of whether a plaintiff shows good cause. Fed. R. Civ. P. 4(m). But in *Mendez*, "the Fourth Circuit held that a case *must* be dismissed when the plaintiff fails to effect service within the designated time

period absent a showing of good cause." *Martin v. S.C. Dep't of Corrs.*, No. 0:19-59-MGL-PJG, 2019 WL 2124957, at *3 (D.S.C. Apr. 23, 2019).

Some district courts in this circuit have continued to apply the oft-criticized holding in *Mendez* despite an amendment to the Rule. *See, e.g., Addison v. Amica Mut. Ins. Co.*, No. 5:18-3158-JMC-PJG, 2019 WL 2191795, at *3 (D.S.C. May 21, 2019) (applying *Mendez* and holding that, as a consequence, "the court cannot avail itself the option that appears to be offered by Rule 4(m)—that is, directing Plaintiff to effect service by a certain time—unless good cause is shown for the failure to timely serve Defendant"); *Martin*, 2019 WL 2124957, at *5 (same). Yet other courts within this circuit have held that *Mendez* is no longer controlling authority and have extended the time for service without a showing of good cause. *See, e.g., Escalante v. Tobar Constr. Inc.*, 8:18-cv-00980-PX, 2019 WL 109369, at *4 (D. Md. Jan. 3, 2019) ("*Mendez* no longer controls the analysis."); *Robinson v. G D C, Inc.*, 193 F. Supp. 3d 577, 582 (E.D. Va. 2016) ("*Mendez* is no longer controlling authority in this circuit."); *AST Prods., Inc. v. Medkote, LLC*, 3:12-cv-05403, 2013 WL 2368071, at *4 (S.D. W. Va. May 29, 2013) (holding that a district court may grant an extension for the time to file service under Rule 4(m) even if good cause is not shown). The Fourth Circuit, itself, in an unpublished opinion, has "cast doubt on the continued validity of the holding in *Mendez*." *In re: Ethicon*, 2016 WL 2588036, at *2 (citing *Giacomo-Tano v. Levine*, 199 F.3d 1327 (4th Cir. 1999) (unpublished table decision) ("Even if a plaintiff does not establish good cause, the district court may in its discretion grant an

7

extension of time for service.")); *see also Hansan v. Fairfax Cnty. Sch. Bd.*, 405 F. App'x 793, 793–94 (4th Cir. 2010) (observing that "the district court has discretion to extend the period if the plaintiff can show excusable neglect for his failure to serve").

The court need not reach the merits of this debate. Even if the court has the discretion to extend the time period for service absent a showing of good cause, the plaintiffs have not demonstrated that an extension is warranted on these facts.

Assuming good cause is no longer an absolute requirement under Rule 4(m), "the Court would still need to have some reasoned basis to exercise its discretion and excuse the untimely service: the Court must give some import to the rule." *Hoffman v. Baltimore Police Dep't*, 379 F. Supp. 2d 778, 786 (D. Md. 2005). In considering whether to extend the time for service where a plaintiff has failed to show good cause for failing to effect timely service of process, courts have identified a number of factors to consider. The Advisory Committee Note to Rule 4(m) states that "[r]elief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." *See Miller*, 2014 WL 989204, at *3 (applying the factors set forth in the Advisory Committee Note after finding that good cause did not exist). Other factors to consider are whether the defendant had notice of the suit and whether the defendant has been prejudiced. *See AST Prods.*, 2013 WL 2368071, at *4. Finally, some courts have applied an excusable neglect standard, relying on Federal Rule of Civil Procedure 6(b)(1)(B). *See Hansan*, 405 F. App'x at 793–94. In applying these factors, the court

again finds an extension unwarranted. And not without substantial importance, the plaintiffs have failed to address any of these relevant factors in their response.

First, the plaintiffs have not asserted that the statute of limitations would bar a refiled action. Instead, the plaintiffs emphasize that the claims covered by the parties' tolling agreement "arguably include those asserted by Plaintiffs in the instant matter." Pls.' Resp. 1. The plaintiffs note that the parties have also agreed to extend the termination date of the tolling agreement. These admissions weigh in favor of dismissal. *See Miller*, 2014 WL 989204, at *3 (noting that "Plaintiff has not asserted that the statute of limitations would bar a refiled action" in finding an extension unwarranted). Additionally, as noted above, there is no indication that the defendants have evaded service or concealed a defect in attempted service. And while the defendants may have received informal notice of this action, it is unclear from the plaintiffs' response which defendants may have been prejudiced by the delay.[2]

Moreover, to the extent the Fourth Circuit requires a showing of excusable neglect, no attempt at such a showing has been made here. *See Hansan*, 405 F. App'x at 793–94 (noting that in addition to an extension for good cause shown, "the district court has discretion to extend the [service] period *if* the plaintiff can show excusable neglect for his failure to serve") (emphasis added). The Fourth Circuit has explained that excusable neglect "is not easily demonstrated, nor was it intended to be," and that the most important of the factors is the reason for the failure to timely file.

---

[2] As discussed above, the parties' letter agreement seems to show that two attorneys agreed to an extension for service of process on behalf of more than fifty defendants.

*Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996); *see also Miller*, 2014 WL 989204, at \*4. "A party's failure to act with diligence precludes a finding of excusable neglect." *Smith v. Look Cycle USA*, 933 F. Supp. 2d 787, 791 (E.D. Va. 2013) (citing *Robinson v. Wix Filtration Co.*, 599 F.3d 403, 413 (4th Cir. 2010)). Additionally, as it appears is the case here, ignorance of the rules, inadvertence, or mistakes construing the rules generally do not constitute excusable neglect. *Stronach v. Va. State Univ.*, 577 F. Supp. 2d 788, 789 (E.D. Va. 2008).

The plaintiffs have not argued that excusable neglect exists, and I find no indication that the plaintiffs have been diligent, which precludes such a finding. The plaintiffs have completely and inexplicably ignored the Federal Rules of Civil Procedure by failing to even attempt service. The plaintiffs' sole reason for their failure to timely effectuate service is that settlement negotiations between the parties are still ongoing. This is plainly insufficient to demonstrate excusable neglect, to the extent the Fourth Circuit requires such a showing.

An extension of time to effectuate service of process is not warranted in this case even if good cause is no longer a requirement under Rule 4(m). "Such procrastination should not be rewarded." *Tenenbaum v. PNC Bank Nat'l Ass'n*, No. DKC 10-2215, 2011 WL 2038550, at \*6 (D. Md. May 24, 2011) (holding that even if a court can extend the service period without good cause, it should not where the plaintiff "largely took no steps to serve any defendant for several months"). Exercising discretion to excuse untimely service in this case makes it "difficult to imagine what

scenario would not give rise to a free pass around the rule." *Hoffman*, 379 F. Supp. 2d at 787.

III. Conclusion

For the foregoing reasons, and notice having been given to the plaintiffs pursuant to Federal Rule of Civil Procedure 4(m), the court **FINDS** that the plaintiffs have not shown good cause for failing to serve the defendants in this civil action within 90 days of the filing of the complaint. The court further **FINDS** that, to the extent that the court may exercise its discretion to extend the time for service absent a showing of good cause, such extension is not warranted under the facts presented here. Therefore, it is **ORDERED** that this action be **DISMISSED without prejudice** and retired from the docket of this court. Because the dismissal is without prejudice, the plaintiffs may refile the action.

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER: June 3, 2019

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE